Filed 8/13/25  P. v. Smith CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B340869 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XSCTA158795) |
| v. |  |
| MYRON SMITH, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Defendant Myron Smith appeals from an order revoking his probation. Appointed appellate counsel has filed a brief identifying no arguable issues. We affirm.

On March 9, 2023, defendant pleaded no contest to unlawfully causing a fire of a structure (Pen. Code, § 452, subd. (c)). The trial court imposed a two-year sentence but suspended execution of that sentence and placed defendant on formal probation for a period of two years.

On May 24, 2023, defendant contacted the probation office by phone and was instructed to report in person. Defendant never reported. The trial court issued a bench warrant. Defendant was either picked up or surrendered on the bench warrant.

At a probation revocation hearing held August 19, 2024, a probation officer testified, based on probation department records, that defendant had not reported in person as instructed.

Defendant testified when he left "the facility," he was taken to an office "and they signed me up," and then he was taken to "another office" where he was "just dropped . . . off." He was informed he was at the wrong place, but when he tried to find out where he supposed to report, "I never did get any contact with anyone." Soon after that he "got assaulted" and "hit in the head with a table leg," resulting in a hospital stay for "about a week or so." When he left the hospital he tried to find information through the jail as to where to report, but no one gave him the information.

On cross-examination, defendant acknowledged he called the probation department, but testified no one told him to whom he should report. He testified he did not seek information from the court because he did not know what court to go to, and he

did not contact defense counsel because he did not have her contact information or know where the public defender's office was.

Defendant's counsel at the hearing requested probation be reinstated or defendant receive "a suitable amount of county jail time."

The trial court found defendant had violated the terms of his probation. The court imposed the previously suspended sentence of two years in state prison, and awarded 390 days of credit. The court waived or suspended all fines and fees.

Defendant timely appealed. Defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no issues and requesting this court review the record and determine whether any arguable issue exists on appeal.

In a declaration accompanying the *Wende* brief, appointed counsel averred defendant was released from prison and placed on post-release community supervision prior to counsel's appointment. The county probation department would not provide defendant's current contact information to counsel, and therefore counsel was "unable to obtain current information regarding [defendant's] housing or location." Counsel had "not had any contact with [defendant] or explained to him my evaluation of the record on appeal and my intention to file this pleading. I have therefore also not been able to inform [defendant] of his right to file a supplemental brief."

This court sent notice to defendant at his prison address informing him his counsel had filed a brief raising no issues and that defendant could submit a supplemental brief or letter. The notice was returned as return to sender. This court then sent an

e-mail to appointed counsel informing him of the returned mail and requesting an updated address for defendant.  Counsel replied by referring to his declaration and stating he did not have an updated address for defendant.  We have received no communication from defendant.

We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110–111; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

4